IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JA'WAYNE HELFFERICH,

      Petitioner,

v.                                                     Civ. No. 18-33 WJ/GBW

DAVID JABLONSKI, *et al.*,

      Respondents.

## ORDER ON PENDING MOTIONS

THIS MATTER is before the Court on the Motion for Order to Respondents (*doc. 7*), Motion for Appointment of Counsel (*doc. 8*) and Motion for Findings of Fact and Conclusions of Law (*doc. 11*) filed by Petitioner Ja'Wayne Helfferich. The Court denies the pending Motions.

**1. Motion for Order to Respondents and Motion for Findings and Conclusions:** Because Petitioner is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Petition. *See* Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Requests for service of process, discovery, submissions of proof, and findings or conclusions are premature and unavailable prior to the Court's completion of its

screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). Petitioner's Motion for Order to Respondents (*doc. 7*) and Motion for Findings of Fact and Conclusions of Law (*doc. 11*) will be denied as premature.

If Petitioner's Petition is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling. Petitioner should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. Petitioner is not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge.

**2. Request for Appointment of Counsel:** There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the Petition and subsequent filings in light of the foregoing factors. Petitioner appears to understand the issues in the case and to be representing himself in an

intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motion for Appointment of Counsel (*doc. 8*).

**IT IS THEREFORE ORDERED**:

(1) Petitioner Ja'Wayne Helfferich's Motion for Order to Respondents (*doc. 7*) is **DENIED** as premature;

(2) Petitioner Ja'Wayne Helfferich's Motion for Appointment of Counsel (*doc. 8*) is **DENIED**; and

(3) Petitioner Ja'Wayne Helfferich's Motion for Findings of Fact and Conclusions of Law (*doc. 11*) is **DENIED** as premature.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE