IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JA'WAYNE HELFFERICH,

      Petitioner,

v.                                                          Civ. No. 18-33 WJ/GBW

DAVID JABLONSKI and
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

      Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Petitioner Ja'Wayne Helfferich seeks a writ of habeas corpus under 28 U.S.C. § 2254. *Doc. 1*. The record, however, reflects he has been released from custody. *Docs. 10, 13*. This raises the possibility that Petitioner's habeas petition is moot and should be dismissed for lack of a present case or controversy.

A petitioner's release from custody may render their petition moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).

1

*See also Preiser v. Newkirk,* 422 U.S. 395, 401 (1975).  A petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis,* 494 U.S. at 477 (citations omitted).

An incarcerated prisoner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because incarceration (or restrictions imposed by the terms of the parole) constitutes a concrete injury caused by the conviction and redressable by its invalidation. Once the prisoner's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.  *See, e.g.*, *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968).  *See also Sibron v. New York*, 392 U.S. 40, 55–56 (1968).

In this case, Petitioner filed his habeas petition under 28 U.S.C. § 2254, the statute for a person in state custody.  *Doc. 1.*  In his petition, Petitioner stated that he was incarcerated and serving his sentence in the New Mexico Department of Corrections and challenged his conviction and sentence in New Mexico state cause No. D-1215-CR-2016-00859.  *Doc. 1* at 1.

Petitioner, however, no longer appears to be in state custody.  On October 30, 2018, he filed a Notice of Change of Address, which listed his address on 4th Street, NW, in Albuquerque.  *Doc. 10.*  On April 3, 2019, Petitioner filed a second Notice of Change of Address, which listed his address as an apartment complex at 810 Bellamah Ave.

NW, Apt. #5, in Albuquerque.  *Doc. 13*.  The records of the New Mexico Department of Corrections also indicate that Petitioner has been released from its custody.

If Petitioner is no longer in state custody, there may no longer be any case or controversy that can be remedied through a § 2254 proceeding.  *See Spencer v. Kemna*, 523 U.S. at 7–8.  Therefore, the Court hereby ORDERS Petitioner to show cause, within 30 days of entry of this Order, as to why this case should not be dismissed as moot.  If Petitioner does not respond and show cause within 30 days, this case will be dismissed without further notice.

**IT IS THEREFORE ORDERED** that, within thirty (30) days from entry of this Order, Petitioner Ja'Wayne Helfferich shall show cause as to why this action should not be dismissed as moot based on lack of a present case or controversy under Article III, § 2, of the Constitution.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE