# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

JA'WAYNE HELFFERICH,

      Petitioner,

vs.                                                                                                 No. CV 18-00033 WJ/GBW

DAVID JABLONSKI and
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Petitioner, Ja'Wayne Helfferich (Doc. 1). The Court will dismiss the Petition due to the absence of a present case or controversy or, alternatively because Petitioner is not eligible for § 2254 relief.

## Factual and Procedural Background

Petitioner Ja'Wayne Helfferich has multiple New Mexico state criminal convictions. *See* cause nos. D-911-CR-0097-00063, D-905-CR-2007-00363, D-905-CR-2010-00379, D-905-CR-2010-00533, and D-905-CR-2009-00214. His convictions in D-905-CR-2010-00379 and D-905-CR-2010-00533 were for sex crimes involving minor children. Helfferich has completed his incarceration and is no longer in the custody of the New Mexico Department of Corrections. (Doc. 10, 13, 15).

Helfferich filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Doc. 1). Petitioner asserts claims based on termination of the opportunity to accrue Earned Meritorious

Deductions ("EMDs") after he declined to participate in the Sex Offender Treatment Program ("SOTP"). (Doc. 1). In his Petition, Helfferich states:

> "Mr. Helfferich was sent to the Otero County Prison Facility (hereafter O.C.P.F.) in July 2013, and then in July 2014 while programming as a pod porter had his EMD terminated for not accepting the voluntary program of S.O.T.P. Mr. Helfferich understands that in order to earn his EMD he must program in approved programs but has a right to agree to what programs he accepts under New Mexico D.O.C. policy and law, and he did not accept to take that program."

(Doc. 1 at 5). Petitioner raises thirteen interrelated claims that his 14th Amendment due process rights were violated by the termination of his chance to earn EMDs. (Doc. 1 at 5-30). In connection with some of his due process claims, he makes vague, unsupported references to 8th Amendment punishment, 14th Amendment equal protection, and separation of powers. (Doc. 1 at 18 Ground 9, at 19 Ground 10, and at 22 Ground 11). Petitioner's request for relief asks for "[t]he return of all the EMD denied him, the Policy of the N.M.D.O.C. rewritten, the retraction of any document to the fact of his punishment of termination, a hearing on the merits." (Doc. 1 at 30).

Following the termination of his chance to accrue EMDs, the New Mexico Department of Corrections afforded Petitioner several classification hearings and appeals (Doc. 1-1 at 12, 14, 29) and inmate grievances (Doc. 1-1 at 20, 21, 52). When his classification appeals and grievances were denied, Petitioner Helfferich then filed a petition for writ of habeas corpus in the State of New Mexico Twelfth Judicial District Court. *See Helfferich v. Martinez,* No. D-1215-CV-2016-00859. The state court dismissed his habeas corpus petition as a matter of law, stating:

> "Petitioner challenges the wisdom of the prison facility's Earned Meritorious Deductions (EMD) policy, not whether it's being applied legally. The policies and procedures for implementing EMDs are within the province of the New Mexico Corrections Department and are not subject to judicial oversight."

(Doc. 1-1 at 6).  The New Mexico Supreme Court denied Helfferich's Petition for Writ of Certiorari and his motion for reconsideration of the denial.  (Doc. 1-1 at 8, 10).

At the time he filed his Petition, Helfferich stated that he was incarcerated and serving his sentence in the New Mexico Department of Corrections.  (Doc. 1 at 1).  On October 30, 2018, Helfferich filed a Notice of Change of Address, giving a new address on 4th Street, NW, in Albuquerque.  (Doc. 10).  Helfferich then filed a second Notice of Change of Address on April 3, 2019 (Doc. 13).  The address given in his second notice is for an apartment complex at 810 Bellamah Ave. NW, Apt. #5, in Albuquerque.  (Doc. 13).   Helfferich acknowledges that he is no longer incarcerated. (Doc. 15). Petitioner claims that he is still entitled to § 2254 relief because, due to loss of the opportunity to earn good time, he was incarcerated for 5 months and 6 days longer than he should have been.  (Doc. 15 at 1).  He contends that, as a result, a five-year probation hearing may be delayed by 5 months and six days.  (Doc. 15 at 2-3).

## **Standards for Habeas Corpus Proceedings**

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254.  Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court

review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer to those reasons if they are reasonable." *Wilson v. Sellers,* 584 U.S. ___, 138 S.Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) (per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405-406. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly--the application must also be unreasonable. *Id.* at 411; *Harrington v. Richter*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington.* 562 U.S. at 102.

Helfferich brought this case as a proceeding under § 2254. (Doc. 1). However, because Helfferich is not challenging the legality of his conviction or sentence but, instead contests the manner in which the sentence is being carried out, the Court could construe his filing as more properly brought under 28 U.S.C. § 2241. A proceeding under § 2241 is an attack by a person in custody upon the legality of that custody and the traditional function is to secure release from illegal custody. *Preiser, Correction Commissioner v. Rodriguez,* 411 U.S. 475, 484 (1973). Section 2241(c)(3) provides, in pertinent part, that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States.

This Court may grant a writ of habeas corpus under § 2241 only if the petitioner is alleged to be in custody in violation of the Constitution or laws or treaties of the United States. 42 U.S.C. § 2241(c). The Court need not decide whether this case is a § 2241 proceeding rather than a § 2254 proceeding. Regardless of whether Helfferich's claims are construed as § 2254 claims or §2241 claims, the result is the same. Helfferich is not entitled to habeas corpus relief in this case.

## **Petitioner Is No Longer In Custody**

When a prisoner is released from custody, the petitioner's subsequent release may cause the petition to be moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990). See also *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). A petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra,* at 477.

An incarcerated prisoner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or restrictions imposed by the terms of the parole) constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. Once the prisoner's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained. *See*, *e.g., Carafas v. LaVallee,* 391 U.S. 234, 237-238 (1968). *See also, Sibron v. New York,* 392 U.S. 40, 55–56 (1968).

In this case, Petitioner Ja'Wayne Helfferich filed his Petition Under 28 U.S.C. § 2254 by a Person in State Custody. (Doc. 1). In his Petition, Helfferich stated that he was incarcerated and

serving his sentence in the New Mexico Department of Corrections. (Doc. 1 at 1). On October 30, 2018, Helfferich filed a Notice of Change of Address. (Doc. 10). His Notice gives a new address on 4th Street, NW, in Albuquerque. (Doc. 10). Helfferich then filed a second Notice of Change of Address on April 3, 2019 (Doc. 13). The address given in his second notice is for an apartment complex at 810 Bellamah Ave. NW, Apt. #5, in Albuquerque. (Doc. 13). New Mexico Department of Corrections' records also indicate that Helfferich has been released from custody of the Department of Corrections.

      Based on Helfferich's Notice, it appeared that he is no longer in State custody and there is no longer any case or controversy that can be remedied through a § 2254 or a § 2241 proceeding. *Spencer v. Kemna*, 523 U.S. at 7–8. The Court ordered Petitioner Helfferich to show cause, within 30 days of entry of the Order, why this case should not be dismissed as moot. (Doc. 14). Petitioner Helfferich responded by filing a Motion to Show Cause (Doc. 15), which the Court construes as a response.[1] In his response, Petitioner argues that, due to loss of good time, he was incarcerated for 5 months and 6 days longer than he should have been. (Doc. 15 at 1). He contends that, as a result, a five-year probation hearing may be delayed by 5 months and six days. (Doc. 15 at 1-3). However, Helfferich did not lose good time but, instead, lost the opportunity to earn good time. (Doc. 1 at 5). He did not serve longer than he was sentenced to serve and Helfferich's speculation that a future hearing may be delayed does not establish any concrete injury that can be remedied through habeas corpus relief. *Carafas v. LaVallee,* 391 U.S. 237-238; *Sibron v. New York,* 392

---

[1] Petitioner Helfferich filed a document titled "Motion to Respond to Order to Show Cause." (Doc. 15). Because the Court had already ordered Petitioner to show cause, a motion to respond was unnecessary. Therefore, the Court considers his Motion to be a response, and will terminate the pending motion.

U.S. at 55–56.  Helfferich's Petition no longer presents any case or controversy and will be dismissed.  *Lewis,* 494 U.S. at 477; *Preiser v. Newkirk,* 422 U.S. at 401.

### **Petitioner is Not Entitled to Habeas Corpus Relief**

Even if Petitioner Helfferich's Petition was not moot, Petitioner still would not be eligible for habeas corpus relief under either §§ 2254 or 2241.  In his Petition, Helfferich asserts thirteen claims that he was denied due process under the 6th and 14th Amendments based on his transfer to the Otero County Prison Facility to participate in the SOTP, and his ineligibility to earn meritorious deductions due to his refusal to participate in the program.  (Doc. 1 at 5-27).  However, Helfferich does not have a constitutionally protected interest in unearned meritorious deductions.  Further, even if he did have a protected liberty interest in unearned meritorious deductions, the record establishes that he was afforded due process.

### A.  Petitioner Has No Protected Liberty Interest

Helfferich essentially argues that the NMCD wrongfully withheld his opportunity to earn meritorious deductions by requiring him to participate in the SOTP.  (Doc. 1 at 2-5).  The New Mexico statute governing EMDs provides:

> "Any convict confined in the penitentiary of New Mexico or other
> institution designated by the corrections division for the confinement
> or adult prisoners may be awarded an additional deduction of twelve
> days meritorious good time per month based on exemplary conduct,
> outstanding work and continuing effort toward self-improvement
> and rehabilitation, upon recommendation of the classification
> committee and approval of the warden. . . .
> Meritorious deductions may be terminated upon recommendation of
> the classification committee and approval of the warden if the convict
> does not properly maintain the standard on which the award was based."

N.M.Stat.Ann. 33-2-34 (1978).  New Mexico Department of Corrections policies state:

> "All eligible inmates can be required to work unless assigned to an
> approved education or training program.  Inmates have the option of
> refusing to participate in any rehabilitation or treatment program except

> adult basic education and programs required by statute or ordered by
> the sentencing court or paroling authority.  However, any inmate
> who is assigned to a program by the classification committee and refuses
> to participate is subject to disciplinary action as well as termination
> from earning good time."

(Doc. 1-1 at 28).

Helfferich contends that he had a right to approve which programs he participated in, and the New Mexico Corrections Department could not deprive him of the opportunity for EMDs if he chose not to participate in a particular program.  (Doc. 1 at 5).  However, Petitioner was notified of and faced with a choice between the opportunity to earn good-time credits for his participation in the SOTP or to decline that opportunity by refusing to participate in the treatment program (Doc. 1-1 at 28). Petitioner Helfferich's lost opportunity to earn meritorious deductions is a consequence of his refusal to complete rehabilitation the NMCD determined in light of the serious offenses for which he was convicted.  *Searcy v. Simmons*, 299 F.3d 1220, 1227 (10th Cir. 2002).

There is a constitutionally protected liberty interest, and thus due process protections, for *earned* good-time credits. *Stine v. Fox*, 731 F. App'x 767, 769 (10th Cir. 2018) (unpublished) (citing *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)). However, Petitioner Helfferich is arguing that he has a protected interest in *unearned* meritorious deduction credits.  (Doc 1 at 5).  The Tenth Circuit has rejected this argument. *Watson v. Williams*, 329 F. App'x 193, 195 (10th Cir. 2009) (where good-time credits had not been awarded and there being no indication that such credits were mandatory, there was no cognizable claim); *see also Stine,* 731 F. App'x at 770 (where good-time credits are discretionarily awarded, "the defendants have not deprived [the prisoner] of any earned time to which he was entitled" and thus no liberty interest is involved) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006)).

In this case, the applicable New Mexico statute gives the state discretion to award good-

time credits. *See* N.M.Stat.Ann. 1978, § 33-2-34(B) (explaining that a prisoner *may* earn meritorious deductions). It is clear that Petitioner had no general entitlement to good-time credits. Further, even if Petitioner did fully participate in the SOTP, he would still not be guaranteed any good-time credits. *See* N.M.Stat.Ann. 1978, § 33-3-24(B) (explaining that meritorious deductions *may* be earned based on participation *and* quality of participation *and* that good-time credits recommendation must be approved). Petitioner Helfferich is not alleging that the NMCD revoked or terminated good-time credits he had already earned. Because the NMCD only withheld a benefit that it was under no obligation to give, no liberty interest is involved and due process protections do not attach. *Watson,* 329 F. App'x at 195.

The state court reached the same decision in Helfferich's state habeas corpus petition. The state court concluded that Petitioner was challenging the wisdom of the prison facility's EMD policy and that the policies and procedures for implementing EMDs are not within the court's habeas corpus authority. (Doc. 1-1 at 6).  The state court's conclusion that Helfferich does not have a cognizable habeas corpus claim is consistent with federal law and Helfferich is not eligible for federal habeas corpus relief.  28 U.S.C. § 2254(d)(1) and (2).

### B.  Petitioner Was Afforded Due Process

However, even if Helfferich did have a liberty interest in unearned meritorious deductions, the record demonstrates that he was afforded due process.  Deprivation of a prisoner's earned good time credits implicates the prisoner's liberty interests and the Fourteenth Amendment requires due process in the disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974).  In general, the process due in prison disciplinary proceedings includes: (1) written notice of the claimed violations; (2) disclosure of evidence against the prisoner; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine

adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a neutral and detached hearing officer; and (6) a written statement by the factfinders as to the evidence relied on and reasons for the decision. *Wolff*, 418 U.S. at 559.

In prison administrative proceedings, due process does require that there be some evidence to support the decision to revoke good time credits. *See, e.g., United States ex rel. Vajtauer v. Commissioner of Immigration,* 273 U.S. 103, 106 (1927). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary officer. *Willis v. Ciccone,* 506 F.2d 1011, 1018 (8th Cir. 1974). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence, applies in this context. *Compare Jackson v. Virginia,* 443 U.S. 307, 313-316 (1979) *with Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985).

It is not clear that the classification and grievance hearings constitute prison disciplinary proceedings. However, even if they do, Petitioner was afforded due process. Petitioner Helfferich was afforded notice and multiple opportunities to be heard on and to appeal his challenges to the EMD policy and the termination of his opportunity to earn EMDs. (Doc. 1-1 at 12, 14, 20, 21, 29, 52). Petitioner was afforded due process consistent with the Constitution. *Wolff v. McDonnell*, 418 U.S. at 559.

**Denial of a Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must grant or deny a certificate of appealability when it enters a final order adverse to the Petitioner. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). He has not demonstrated the existence of an actual or threatened injury sufficient to support habeas corpus relief. Nor has he established the existence of a protected constitutional right in the loss of an opportunity to earn good time. If he did possess a liberty interest, he was afforded constitutionally sufficient due process, and his unsupported, generalized allegations of equal protection, 8th Amendment punishment, and separation of powers violations do not state a claim for relief. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) Under Rule 11 of the Rules Governing Section 2254 Cases, the Court concludes that Petitioner has failed to make a substantial showing of denial of a constitutional right and the Court will deny a certificate of appealability.

**IT IS ORDERED:**

**(1)** Petitioner's Motion to Respond to Order to Show Cause (Doc. 15) is **TERMINATED**;

**(2)** the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 By a Prisoner in State Custody filed by Petitioner, Ja'Wayne Helfferich (Doc. 1) is **DISMISSED** with prejudice; and

**(3)** a certificate of appealability is **DENIED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE